**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANGELA BENVENUTO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **ANTHONY GOODMAN,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Fire And Casualty Insurance Company in Cause No. 096-283410-16, pending in the 96th Judicial District Court of Tarrant County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Fort Worth Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.
FACTUAL BACKGROUND**

1.1    On or about January 22, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled *Angela Benvenuto v. Allstate Fire And Casualty Insurance Company And Anthony Goodman,* Cause No. 096-283410-16, pending in the 96th Judicial District Court of Tarrant County, Texas, in which Plaintiff made a claim for damages to Plaintiff's home under a homeowner's insurance policy with Allstate Fire And Casualty Insurance Company.

1.2     Plaintiff served Defendant Allstate Fire And Casualty Insurance Company ("Allstate") with Plaintiff's Original Petition and process on January 28, 2016, by certified mail through its registered agent, CT Corporation System.

1.3     Plaintiff has not yet served Defendant Anthony Goodman ("Goodman") with Plaintiff's Original Petition.

1.4     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court.  Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-3" as identified on the Index of Documents.

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.     THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP AND THE COURT SHOULD DISREGARD THE CITIZENSHIP OF DEFENDANT ANTHONY GOODMAN BECAUSE HE HAS BEEN IMPROPERLY JOINED IN THIS LAWSUIT.**

2.3     Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Tarrant County in the State of Texas and thus, is a citizen of Texas.  *See* Plaintiff's Original Petition, ¶ 1.  On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas.  *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571

(5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

2.5     Defendant Goodman, although not a proper party to this lawsuit, is, and was at the time the lawsuit was filed, a citizen of the State of Texas.  *See* Plaintiff's Original Petition, ¶ 3.

**B.     DEFENDANT ADJUSTER, ANTHONY GOODMAN, HAS BEEN IMPROPERLY JOINED IN THIS LAWSUIT.**

2.6     The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in improper or fraudulent joinder of that party.  *Waters v. Metropolitan Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.7     Although some federal courts in Texas have previously split on the issue as to whether the Texas "fair-notice" standard or the federal pleading standard should apply when evaluating a state court petition to determine if there is a sufficient factual or legal basis for claims against a non-diverse party, the bulk of recent federal authority supports the conclusion that the Texas fair notice standard should be considered in the context of Texas Rule of Civil Procedure 91a, which is akin to Federal Rule of Civil Procedure 12(b)(6).[1]

2.8     As the United States District Court for the Northern District of Texas recently stated: "The court recognizes that the Texas fair notice standard must be considered in context with Rule 91a of the Texas Rules of Civil Procedure." *Conrad v. SIB Mortgage Corp.,* No. 4:14-

---

[1] Rule 91a of the Texas Rules of Civil Procedure provides: "[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." Tex. R. Civ. P. 91a.1 (West Supp. 2014).

CV-915-A, 2014 WL 6058234, at *2 (N.D. Tex. Nov. 13, 2014); *see also One Way Investments, Inc. v. Century Sur. Co.,* No. 3:14-CV-2839-D, 2014 WL 6991277, at *3 (N.D. Tex. Dec. 11, 2014) (relying on Rule 91a when holding that the plaintiff's motion for remand should be denied in light of the plaintiffs' failure to assert viable causes of action against the non-diverse adjuster defendant, as required by Rule 91a); *Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.,* No. 3:14-CV-326-L, 2014 WL 4055356, at *4 (N.D. Tex. Aug. 14, 2014) (when denying the plaintiff's motion to remand because of the plaintiff's failure to state a claim against the non-diverse adjuster defendant, the court examined the allegations of the plaintiff's amended petition in the context of Rule 91a and concluded the adjuster was improperly joined); *Oldham v. Nationwide Ins. Co. of Am.,* No. 3:14-CV-575-B, 2014 WL 3855238, at *9 (N.D. Tex. Aug. 5, 2014) (noting the applicable Texas "fair notice" pleading standard as informed by the new Rule 91a).

2.9    Accordingly, Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule that is predicated on the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as that rule was interpreted and applied by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). *Plascencia v. State Farm Lloyds and Feliciano Gallegos,* No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014); *see also Bart Turner & Assoc. v. Krenke,* No. 3:13-cv-2921-L, 2014 WL 1315896 (N.D. Tex. Mar. 31, 2014) (Lindsay, S.) (finding "fair notice" must now be judged in the context of Rule 91a."); *Sazy v. Depuy Spine, Inc.,* No. 3:13-CV-4379-L, 2014 WL 4652839, at *4 (N.D. Tex. Sept. 18, 2014) (the court held reference to the new Texas Rule 91a that "[t]his new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6)"); *GoDaddy.com, LLC v. Toups,* No. 09-13-00285-CV, 2014 WL

1389776 (S.D. Tex. April 10, 2014); *Shaw v. Lemon*, No. 05-12-00903-CV, 2014 WL 1407727 (N.D. Tex. April 2, 2014); *City of Austin v. Liberty Mut. Ins.,* 431 S.W3d 817 (Tex. Civ. App-Austin 2014); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., No. 1:07-CV-988, 2008 WL 4533729, *6 (E.D. Tex. 2008) (applying federal standard).

2.10    Under a Rule 12(b)(6) analysis, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.  *Papasan v. Allian,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).  The United States Supreme Court has emphasized that a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement," such as Plaintiffs' Original Petition, is not sufficient and must be dismissed.  *Ashcroft,* 556 U.S. at 678 (2009).  Further, factual allegations in a petition must state a claim for relief that is plausible on its face.  *See Twombly,* 550 U.S. at 565.  Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct conduct.  *See id.*  Applying this rationale, Plaintiff's Original Petition fails to state a *plausible* claim against Goodman that could give him fair notice of the claims against him under the applicable pleading standard.

2.11    Here, Plaintiff fails to offer any specific facts in support of his/her/their claims against the adjuster Defendant Goodman and therefore fail/fails to make the required "factual fit between [their] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). *See* Plaintiff's Original Petition, ¶13.   Further, Plaintiff's conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply.[2]   Plaintiff's Original Petition actually alleges nothing more than Defendants violated Chapter 541 of the Insurance Code.

2.12    Repeating statutory language is not the same as pleading actionable facts to which a statute should apply.  To the contrary, Plaintiff's failure to mention any actionable facts related to the conduct of the adjuster Defendant Goodman constitutes a failure to state a claim and improper joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co* ., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009)

---

[2]  Compare ¶19-26 of Plaintiff's Original Petition with TEX. INS. CODE. ANN §§ 541.060 (a)(1), (2)(A), (3), (4)(A)-(B), and (7). The latter reads:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
> (A) a claim with respect to which the insurer's liability has become reasonably clear;
> ****
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
> (4) failing within a reasonable time to:
> (A) affirm or deny coverage of a claim to a policyholder; or
> (B) submit a reservation of rights to a policyholder;
> ****
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).   Based upon the foregoing, adjuster Defendant Goodman has been improperly joined in this action to defeat diversity jurisdiction.

### C.   THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.13    In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."    *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in

controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.14     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendants are liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant(s) wrongfully adjusted and denied Plaintiff's claim.

2.15     Plaintiff has specifically pled that Plaintiff is seeking monetary relief over $200,000, but not more than $1,000,000. *See* Plaintiff's Original Petition, ¶ 5. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Allstate was served with Plaintiff's Original Petition and process on January 28, 2016.     This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Defendant Goodman has not been served and therefore, his consent to removal is not required.  Additionally, he has been fraudulently joined solely to defeat diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

3.3     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.4     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.5     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.6     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Tarrant County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Fire And Casualty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

  /s/ Roger D. Higgins
     Roger D. Higgins
     State Bar No.  09601500, IL 6182756
     rhiggins@thompsoncoe.com
     John B. Reyna
     State Bar No.  24098318
     jreyna@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Fax:      (214) 871-8209
ATTORNEYS FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

This is to certify that on February 26, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

    Matthew J. Worrall
    William H. Barfield
    Andrew A. Woellner
    THE POTTS LAW FIRM, LLP
    100 Waugh Drive, Suite 350
    Houston, Texas 77007
    Telephone (713) 963-8881
    Facsimile (713) 574-2938
    mworrall@potts-law.com
    wbarfield@potts-law.com
    awoellner@potts-law.com

  /s/ Roger D. Higgins
     Roger D. Higgins